**Moise KATZ, Plaintiff–Appellant,**

**Robert I. Harwood, Appellant,**

v.

**HOUSEHOLD INTERNATIONAL, INCORPORATED, Donald C. Clark, and Edwin P. Hoffman, Defendants–Appellees.**

No. 95–3216.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1996.

Decided Aug. 6, 1996.

Edward T. Joyce (argued), Arthur W. Aufmann, Rowena T. Parma, Chicago, IL, Jules Brody, Stull, Stull & Brody, New York City, Joseph H. Weiss, New York City, Robert I. Harwood, Richard B. Brualdi, Weschsler, Skirnick, Harwood, Halebian & Feffer, New York City, for Plaintiff–Appellant.

Steven P. Handler, William P. Schuman (argued), Christopher M. Murphy, McDermott, Will & Emery, Chicago, IL, for Defendants–Appellees.

Before BAUER, ESCHBACH, and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

Moise Katz filed this securities fraud class action against Household International, Inc. ("Household") and its two chief officers after Household's stock price declined at the end of October 1991. *See* Securities Exchange Act of 1934, §§ 10(b) & 20, 15 U.S.C. §§ 78j(b) & 78t(a). This appeal involves the

district court's assessment of sanctions against Katz and his attorney, Robert Harwood, for filing original and amended complaints that were not well grounded in either fact or law. *See* Fed.R.Civ.P. 11, amended April 28, 1987, eff. August 1, 1983.[1] We affirm.

## BACKGROUND

Katz based his securities fraud claim on two theories. His primary theory was that Household had represented publicly in July, August, and September 1991 that it would have favorable earnings during the remainder of that year even if the economic recession continued, but in fact Household based its earnings projections on the undisclosed assumption that the economy would recover. Katz' second theory alleged that Household's September 1991 forecast of favorable earnings was fraudulent because at that time Household knew or should have known, based on non-public information in its possession, that it was not doing as well as previously anticipated and that its optimistic forecasts were unreasonable.

After the district court dismissed Katz' original and amended complaints for failure to state a claim, the defendants moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The district court granted the motion and ordered Katz and Harwood to pay the defendants' costs and expenses, to the tune of $54,111.99. Katz appealed, and we vacated the sanction award because the district court had addressed only the first of the two theories upon which Katz had based his claim, and therefore we could not determine whether the district court had abused its discretion in imposing Rule 11 sanctions. *Katz v. Household International, Inc.*, 36 F.3d 670 (7th Cir.1994). We directed the district court: (1) to clarify its award of sanctions as to Katz' primary theory; (2) to address Katz' second theory of securities fraud; and (3) to assess a sanction

only in the amount of fees reasonably incurred in responding to sanctionable filings. On remand, the district court concluded that both theories were sanctionable because neither was reasonably grounded in fact or law. The court imposed sanctions in the same amount as previously awarded. Katz and his attorney again appeal the district court's assessment of Rule 11 sanctions, as well as the amount of the sanctions.[2]

## ANALYSIS

■ The relevant version of Rule 11 requires a plaintiff to conduct a reasonable inquiry before filing a complaint to ensure it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Fed.R.Civ.P. 11. We review the district court's Rule 11 determination for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). As in our earlier opinion, we note that even if we may not have reached the same result as the district court, that does not mean that the district court abused its discretion. *See Katz*, 36 F.3d at 673.

### I. *Katz' Primary Theory*

■ We directed the district court to explain clearly its reasons for imposing Rule 11 sanctions as to Katz' primary theory of liability—that Household publicly represented that it would have favorable earnings even if the economic recession continued, when in fact it knew that its forecasts depended on an economic rebound. Although on remand the district court focused more on Katz' second theory, it nevertheless provided sufficient explanation for us to conclude that it did not abuse its discretion in finding the first theory sanctionable.

---

**1.** The December 1993 amendment to Rule 11 does not apply here because Katz filed his complaint and amended complaint and the district court entered its original sanction order before the amendment became effective. See *Land v. Chicago Truck Drivers*, 25 F.3d 509, 516 (7th Cir.1994).

**2.** As in the previous appeal, we review Katz' amended complaint, which did not differ significantly from his original complaint and "presumably represents his best effort to state a claim against Household." *Katz v. Household International, Inc.*, 36 F.3d 670, 671 n. 2 (7th Cir.1994).

The district court explained that neither Katz' original nor his amended complaint had provided particular facts to support his primary theory. The court noted that "[a] reasonable pre-filing inquiry would have prevented Katz from inadequately pleading his primary theory of Household's alleged misrepresentations about firm performance in a recessionary economy," and that "neither the complaint nor the amended complaint alleged the circumstances of any purported misrepresentation with the particularity required under Rule 9(b) of the Federal Rules [of Civil Procedure]." Later in the order, when discussing Katz' failure to plead with particularity his second theory of fraud, the court noted that this failure was "the same defect which foretold the demise of [Katz' primary theory]." The court pointed out that "[n]either the original nor the amended complaint identified any specific *facts* which suggested that Household had made a false statement of its economic outlook in the recession," and thus both complaints were "ungrounded in fact or in law." The court further concluded that "[t]he failure to plead securities fraud with the particularity required under Federal Rule 9(b) strongly suggests Katz' failure to make a reasonable pre-filing inquiry as required by Federal Rule 11."

In affirming the district court's Rule 11 determination as to Katz' primary theory, we reiterate that "[e]ven the most superficial review of our case law would have made clear that Katz' complaint did not fulfill" Rule 9(b)'s requirement that a plaintiff plead fraud with particularity, because he failed to support his primary theory with *any* specific factual allegations. *See Katz*, 36 F.3d at 674–75. Although Katz pleaded that Household publicly represented that it would have favorable earnings even if the economic recession continued, he failed to point to any such statement in his complaints, in clear contravention of Rule 9(b)'s requirement that he specifically identify Household's allegedly fraudulent statements. For example, Katz pointed to a July 22, 1991 *Barron's* article that discussed a conversation with defendant Donald Clark, Household's Chairman. But nothing in the article supports Katz' contention that Household represented that its earnings forecasts assumed a continuing recession. In fact, the article stated that "Clark is encouraged by recent numbers that tell him the recession may be ending," and that "Clark sees a slight improvement in the second half [of 1991] and an acceleration of earnings in 1992, *if the economy doesn't stumble again.*" (emphasis added). The other statements Katz cited are similarly unsupportive of his first theory.

The unfortunate fact that Household's forecasts did not pan out when the recession continued, and that the stock price fell in October 1991, is not, by itself, sufficient to show that Household *fraudulently* made those forecasts. As we have noted, "[t]here is no 'fraud by hindsight,'... and hindsight [was] all [Katz] offer[ed]." *DiLeo v. Ernst & Young*, 901 F.2d 624, 628 (7th Cir.), *cert. denied*, 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990). We affirm the district court's imposition of Rule 11 sanctions as to Katz' primary theory of securities fraud.

## II. *Katz' Second Theory*

The district court also found sanctionable Katz' second theory of liability—that Household's favorable earnings forecasts were fraudulent because they were inconsistent with financial information in its possession. Specifically, Katz alleged that Household knew or should have known, based on its operating results for the first two months of the third quarter of 1991, that "it was not doing as well as previously anticipated and that its optimistic forecasts were no longer reasonable." Although projections may be actionable if they are made with the knowledge that they are incorrect or are otherwise without reasonable basis, *see Katz*, 36 F.3d at 675, plaintiffs still must comply with Rule 9(b)'s particularity requirements. The district court noted that Katz' amended complaint contained only two allegations related to his second theory:

> As recently as September 4, 1991, when operating results of the first 2 months of the third quarter were available to the defendants, Household gave a half-day presentation to about 100 securities analysts in New York City....

... [T]he defendants continued to lead the investment community to believe that such continued and impressive earnings growth would be achieved in the face of a continued recessionary environment ... when in fact, [the] defendants ... had available to them actual, non-public results of the Company's performance over the first two-thirds of the third quarter.

The district court found that these allegations did not set forth with the requisite particularity the surrounding circumstances of Household's alleged fraud. *See* Fed. R.Civ.P. 9(b) (plaintiff must state "the circumstances constituting fraud ... with particularity"). *See also DiLeo,* 901 F.2d at 627 (Rule 9(b) particularity means "the who, what, when, where, and how: the first paragraph of any newspaper story"). The district court further found that Katz had failed to plead particular facts showing that Household's allegedly fraudulent statements lacked a reasonable basis. In other words, Katz had failed to plead particular facts to show that Household should not be protected by the safe harbor provision of SEC Rule 175, 17 C.F.R. § 230.175.

■ We acknowledge that Rule 9(b) does not require plaintiffs to plead facts to which they lack access prior to discovery. *Katz,* 36 F.3d at 676. Thus Katz did not have to plead specific facts about exactly *what* contradictory information Household possessed when it made favorable earnings forecasts in September 1991, if that information was not available to him without discovery. Katz still had to specifically identify Household's allegedly fraudulent statements, and he failed to do so. For example, Katz asserted that Household talked at the September meeting about "its significant earnings growth possibility." But that statement is not inconsistent with information allegedly in Household's possession that the first two months of the third quarter had not been stellar, particularly in light of the fact that Household had stated that "earnings would grow meaningfully *over the next few years.*" (emphasis added). Similarly, Katz contends in his appellate brief that at the September meeting, Household "blithely assured securities analysts that the company was on track to meet third quarter projections." But Katz did not identify any such statement in his complaint.

## III. *Amount of Sanctions*

■ We directed the district court on remand to assess sanctions only in the amount of those fees reasonably incurred in responding to sanctionable filings. *Katz,* 36 F.3d at 676. After finding that both theories were not grounded in fact or law, and that Katz' original and amended complaints in their entirety were sanctionable filings, the district court concluded that the full amount of its prior sanction award was reasonably incurred by the defendants in responding to them. We review the amount of Rule 11 sanctions for an abuse of discretion. *Johnson v. A.W. Chesterton Co.,* 18 F.3d 1362, 1366 (7th Cir.1994).

■ The district court based its sanctions award on remand on the amount of fees and expenses Household incurred in responding to Katz' sanctionable filings in their entirety. The award of $54,111.99 was within the district court's discretion. Rule 11 permits a court to award a party "those [trial level] expenses directly caused by the [sanctionable] filing," which is what the district court did here. See *Cooter & Gell,* 496 U.S. at 406. Although we would have preferred a more explicit discussion on remand, nevertheless the district court's order provided sufficient explanation to get past our deferential review. Katz based his complaints in this suit on only two theories, both of which the district court found sanctionable. Accordingly, we conclude that the district court acted within its discretion in using Household's attorneys' fees and expenses as the measure of sanctions.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order imposing on Katz and

his attorney Rule 11 sanctions in the amount of $54,111.99.

AFFIRMED.