In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2757

IN RE:

GERALD W. DAVIS, JR.

*Debtor.*

LINDA REEVES,

*Appellant,*

*v.*

GERALD W. DAVIS, JR.,

*Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:10-cv-108-JMS-TAB—**Jane Magnus-Stinson**, *Judge.*

ARGUED JANUARY 10, 2011—DECIDED MARCH 14, 2011

Before FLAUM and WILLIAMS, *Circuit Judges*, and
HERNDON, *District Judge*.[*]

---

[*] The Honorable David R. Herndon, Chief Judge of the
United States District Court for the Southern District of
Illinois, sitting by designation.

FLAUM, *Circuit Judge*. In 2007, Linda Reeves obtained a money judgment against Gerald Davis in Indiana state court for a violation of the Indiana Home Improvement Contracts Act ("the Act"), Ind. Code ("IC") §§ 24-5-11-1 *et seq*. The Indiana Code provides that a home improvement supplier who violates the Act "commits a deceptive act." IC § 24-5-11-14.

Davis filed for bankruptcy on October 25, 2007, before satisfying the Indiana state court judgment. As part of the bankruptcy proceedings, Reeves filed an adversary action against Davis, seeking to have the $77,000 judgment declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Based on the Indiana court's finding that Davis had committed a "deceptive act," Reeves alleged that Davis had engaged in fraudulent conduct. The bankruptcy court determined that the debt was dischargeable, finding that Davis lacked the requisite intent to deceive or defraud. On appeal, the district court affirmed, as do we, for the reasons set forth below.

## I. Background

In 2006, Reeves hired Davis, who advertised himself as a "licensed and insured" contractor, to renovate her home in Monroe County, Indiana. Despite his advertisements, Davis held no license in Monroe County. Indeed, the county has no licensing requirement for contractors. Reeves paid Davis $57,250—most of the agreed-upon $63,000 price tag—and he began work on her home. In early October 2006, Davis walked off the job without completing the renovations.

Reeves sued Davis in Indiana state court to recover damages. Following a trial, the state court entered judgment in favor of Reeves, finding that Davis had violated Indiana Code § 24-5-11-10. That section of the Indiana Home Improvements Contracts Act requires home improvement suppliers to "provide a completed home improvement contract to the consumer before it is signed by the consumer." Davis provided Reeves with only a very general description of the work to be done, which did not bear her signature. Pursuant to IC § 24-5-11-14, a home improvement supplier who violates the Act "commits a deceptive act that is actionable . . . under IC § 24-5-0.5-4(a)." Thus, the court also found that Davis had committed a "deceptive act."

The state court made a number of factual findings on which Reeves now relies. In particular, the state court found that Davis had agreed to construct a covered porch. That porch was never built. In reaching that conclusion, the court acknowledged Davis's testimony that the contract did not include a porch. However, in light of the contract's lack of specificity, the court elected to resolve any certainty regarding the contract against Davis. The court also found that Davis stopped working "without justification or excuse," and that "much of the work he did complete is defective and must be replaced." The state court entered judgment in favor of Reeves for $77,015.98.

Davis filed for bankruptcy before satisfying the state court judgment against him. Reeves initiated an action in the bankruptcy court pursuant to § 523(a)(2)(A) of

the Bankruptcy Code, which precludes a debtor from receiving a discharge from any debt obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Reeves argued that because the Indiana court found that Davis had committed a "deceptive act," his debt to her was non-dischargeable under § 523(a)(2)(A). According to Reeves, principles of collateral estoppel require a finding of non-dischargability.

The bankruptcy court conducted its own trial, at which Reeves presented a drawing Davis had given her that included a porch. Davis testified (as he had in the state court trial) that he did not agree to build a porch, and that, consequently, he never intended to build one. With respect to the drawing, Davis testified that the porch was on Reeves's "wish list," but was not included in the contract price.

The bankruptcy court rejected Reeves's collateral estoppel argument, reasoning that a finding of non-dischargability under § 523(a)(2)(A) requires fraudulent intent, an element not required for a violation of the Indiana Home Improvement Contracts Act. The bankruptcy court also found that the state court had made no finding regarding Davis's intent. Over Reeves's objection, the bankruptcy court made its own findings of fact. Relevant to this appeal is the bankruptcy court's finding that the contract may not have included a porch. In addition, the bankruptcy court credited Davis's testimony that he took the job intending to finish it, but that he eventually refused to do so because Reeves was a difficult customer. On December 9, 2009, the bankruptcy court ruled that Davis's debt was dischargeable.

On appeal to the district court, Reeves argued that the bankruptcy court erred in finding that Davis lacked the intent necessary for the application of § 523(a)(2)(A). Reeves also argued that Davis acted fraudulently by misrepresenting himself as a "licensed" contractor, when in fact he held no license in Monroe County. The district court declined to address the licensing argument, on the grounds that it was neither sufficiently pled in the complaint, nor raised before the bankruptcy court. The district court went on to affirm. It agreed with the bankruptcy court that the state court had made no finding regarding Davis's state of mind, and concluded that the bankruptcy court's factual finding as to Davis's intent was not clearly erroneous.

## II. Discussion

To receive an exception from discharge under 11 U.S.C. § 523(a)(2)(A), Reeves was required to show the following: (1) that Davis made a false representation or omission, which he either knew was false or made with reckless disregard for the truth; (2) that Davis possessed an intent to deceive or defraud; and (3) that Reeves justifiably relied on the false representation. *See Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010); *Matter of Maurice*, 21 F.3d 767, 777 (7th Cir. 1994). At issue here is the second element—Davis's intent. The question of Davis's intent has its origins in the bankruptcy court. Therefore, our review focuses on the bankruptcy court's actions. *Ojeda*, 599 F.3d at 716. Like the district court, we review the bankruptcy court's

findings of fact for clear error and conclusions of law de novo. *Id.* Whether the issue of intent was litigated and resolved in the state court action, as required for application of collateral estoppel, is question of law. *E.B. Harper & Co., Inc. v. Nortek, Inc.*, 104 F.3d 913, 922 (7th Cir. 1997). Whether Davis possessed the requisite intent is a question of fact, which is subject to the highly deferential "clearly erroneous" standard of review. *See Carini v. Matera,* 592 F.2d 378, 380 (7th Cir. 1979) (citations omitted).

As noted above, Reeves must demonstrate that Davis made a false representation or omission. In the bankruptcy court, she relied on Davis's failure to fulfill his alleged promise to construct a porch to satisfy that element. Now, she relies on four additional incidents: (1) Davis's misrepresentation of his status as a licensed contractor; (2) the fact that the work Davis did perform was defective; (3) Davis's failure to complete the job; and (4) the fact that Davis took payment from Reeves for work he never performed and materials he never bought.

We begin with the primary basis for Reeves's fraud claim—Davis's failure to build the porch, which she maintains was part of the home renovation contract. According to Reeves, collateral estoppel principles required the bankruptcy court to credit the state court's factual finding that Davis agreed to construct a porch. Reeves maintains that that finding, together with Davis's testimony that he never intended to build the porch, is sufficient to establish fraudulent intent.

Reeves is correct that the findings made by the Indiana state court were entitled to collateral estoppel effect in the subsequent bankruptcy proceeding. *See In re Catt,* 368 F.3d 789, 792 (7th Cir. 2004) (concluding that finding of fraud made against debtor in Indiana state court proceeding could not be relitigated in later bankruptcy proceeding under collateral estoppel principles). Therefore, the bankruptcy court should have deferred to the state court's finding that a porch was included in the contract. However, as explained below, that fact does not undermine that bankruptcy court's conclusion as to Davis's intent. Consequently, to the extent that the bankruptcy court disregarded the state court's conclusion that the porch was part of the contract, that error was harmless.

The fact that the porch was part of the contract and that Davis did not build it establishes only breach of contract, not fraud. *See United States ex rel. Main v. Oakland City University,* 426 F.3d 914, 917 (7th Cir. 2005) ("failure to honor one's promise is (just) breach of contract, but making a promise that one *intends* not to keep is fraud"). The key question is what Davis intended. Reeves's argument that the state court addressed intent is based on a broad reading of the state court's factual findings. Specifically, Reeves reads the state court's finding that "Davis agreed to construct a covered porch" as "Davis [knowingly promised] to construct a covered porch." However, other portions of the state court opinion, particularly the court's decision to construe all uncertainty against Davis, indicate that a more narrow reading is appropriate. In the context of the entire state court opinion, we read the state court's

finding as "Davis [contracted] to construct a covered porch." That finding says nothing about Davis's intent at the time he entered into the contract. Because the state court made no determination as to intent, collateral estoppel did not prevent the litigation of that issue in the bankruptcy court.

We review the bankruptcy court's finding that Davis intended to perform the work he reasonably believed the contract required for clear error. In an effort to demonstrate error, Reeves points to Davis's testimony that he never intended to build the porch. But that testimony is inseparable from his testimony that he did not believe that the agreement included a porch. The bankruptcy court credited Davis's testimony regarding his intentions. We cannot say that it clearly erred in doing so. *See Carnes Co. v. Stone Creek Mech., Inc.*, 412 F.3d 845, 848 (7th Cir. 2005) (noting that this Court affords "deference to the trial court's assessment of witness credibility," and recognizing that a trial court's credibility determination "can virtually never amount to clear error") (citation omitted).

At bottom, this case involves a miscommunication, not fraud. Reeves and Davis had different understandings of what was included in the contract. The state court found Reeves's understanding to be the correct one. But only if Davis in fact shared her understanding of the contract, and intended not to see it through, did Davis commit fraud. As noted above, we conclude that the bankruptcy court's finding that Davis did *not* share Reeves's view that the contract called for a porch was not clearly erroneous.

We now turn to the remaining allegations of fraud on which Reeves relies. With respect to Davis's status as a licensed contractor, Reeves's complaint does not mention the licensure issue. It merely cites the state court decision, which in turn does not discuss Davis's qualifications or any related misrepresentations. Thus, as the district court correctly noted, fraud based on Davis's claim that he was licensed was not adequately pled to satisfy Rule 8(a), let alone the more stringent Rule 9(b) standard that applies here. Moreover, Reeves waived the issue by failing to raise it in the summary judgment briefing in the bankruptcy court. *See Matter of Weber,* 25 F.3d 413, 415 (7th Cir. 1994) (issues not raised in the bankruptcy court are waived at the district court level).

The last three bases of Reeves's appeal—the defective nature of Davis's work, Davis's failure to complete the job, and Davis's acceptance of payment for unfinished work and unpurchased materials—are non-starters for two reasons. First, none of these issues was raised in either the bankruptcy court or the district court as a basis for applying § 523(a)(2). Therefore, the arguments have been waived. Second, Reeves does not even attempt to show fraudulent intent with respect to these incidents, as is required for the application of § 523(a)(2). Specifically, she does not contend that Davis promised good work but intended all along to do defective work, that Davis took the job planning to abandon it unfinished, or that Davis intended not to finish the work or purchase the materials when he took the money. Thus, there can be no finding of fraudulent intent, as is required for the application of § 523(a)(2).

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.