In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-1943

AARON L. ESPENSCHEID, *et al.*,

*Plaintiffs-Appellants*,

*v.*

DIRECTSAT USA, LLC, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:09-cv-625-bbc—**Barbara B. Crabb**, *Judge*.

SUBMITTED JUNE 29, 2012—DECIDED AUGUST 6, 2012

Before BAUER, POSNER, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.   The three appellants are the named plaintiffs in a class action suit to enforce the Fair Labor Standards Act and parallel state laws. Actually only the supplemental state law claims were brought as class action suits, the suit under the FLSA being brought as a "collective action" under section 16(b) of that Act, 29 U.S.C. § 216(b). The difference (of no consequence to this appeal, as we'll see) between the two types

of action is that in a collective action class members must opt into the suit in order to be bound by the judgment in it, while in a class action governed by Fed. R. Civ. P. 23 they must opt out *not* to be bound by the judgment.

The district judge certified several classes but later decertified all of them, leaving the case to proceed as individual lawsuits by the three plaintiffs, who then settled, and the suits were dismissed. The settlement reserved the plaintiffs' right to appeal the decertification, however, and they have appealed, and the defendants ask us to dismiss the appeal on the ground that the plaintiffs have suffered no injury as a result of the denial of certification and so the federal judiciary has lost jurisdiction of the case. When a case becomes moot on appeal by reason of settlement, the lower court's decision is not vacated, as it is when mootness supervenes without any voluntary act by the appellant, who therefore has a valid claim not to be subject to a decision that he was unable to challenge on appeal. E.g., *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23-29 (1994); *EEOC v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 596-97 (7th Cir. 2009). The claim of mootness in this case is based on a settlement, and so the relief sought by the defendants—a simple dismissal of the appeal, without conditions—is appropriate.

One might think that because the plaintiffs settled, the only possible injury from denial of certification would be to the unnamed members of the proposed classes; and if therefore the plaintiffs have no stake in the continuation of the suit, they indeed lack standing to appeal from

the denial of certification. *Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 534-38 (7th Cir. 2011); *Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 705-07 (6th Cir. 2009). This is not a case in which a defendant manufactures mootness in order to prevent a class action from going forward, as by making an offer of judgment that exceeds any plausible estimate of the harm to the named plaintiffs and so extinguishes their stake in the litigation. As we explained in *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003) (citations omitted), "the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as the case has been certified as a class action, or . . . so long as a motion for class certification has been made and not ruled on, unless . . . the movant has been dilatory. Otherwise the defendant could delay the action indefinitely by paying off each class representative in succession."

But the plaintiffs point us to a provision of the settlement agreement which states that they're seeking an incentive reward (also known as an "enhancement fee") for their services as the class representatives. *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722 (7th Cir. 2001); *In re Continental Illinois Securities Litigation*, 962 F.2d 566, 571-72 (7th Cir. 1992); *In re United States Bancorp Litigation*, 291 F.3d 1035, 1038 (8th Cir. 2002); 2 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 6:27, pp. 137-42 (6th ed. 2010). The reward is contingent on certification of the class, and the plaintiffs argue that the prospect of

such an award gives them a tangible financial stake in getting the denial of class certification revoked and so entitles them to appeal that denial.

We can find only one case that touches on the issue, and the touch is light. The case is *Narouz v. Charter Communications, LLC*, 591 F.3d 1261, 1265 (9th Cir. 2010). The plaintiff, who had an individual claim as well as being the representative of a class to which he belonged that had claims against the defendant, settled his individual claim in an agreement with the defendant that provided that the plaintiff "retains a continued financial interest in the advancement of the class claims, because [he] is to receive an award enhancement fee ($20,000) were the court to approve the [class] settlement." The court concluded that given the plaintiff's "obvious financial interest in obtaining a reversal of the district court's decision," he "maintains a sufficient personal stake in the class litigation to appeal the district court's denial of class certification." But the plaintiff's financial interest was not limited to the possibility of an incentive award; he also had his interest as a class member, that is, his class claim as distinct from his individual claim, which was based on other allegedly unlawful conduct by the defendant; and it is uncertain whether the court thought the existence of that other interest was necessary in order to confer standing on the plaintiff to appeal from the denial of class certification, or whether the prospect of the incentive award was enough. It should have been enough. The prospect of such an award is akin to a damages payment agreed in a settlement to be contingent on the outcome of the appeal; and the prospect of such a pay-

ment, though probabilistic rather than certain, suffices to confer standing. *Nixon v. Fitzgerald*, 457 U.S. 731, 743-44 (1982); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 370-71 (1982); *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 641 (6th Cir. 2002). And since no minimum amount in controversy is specified as a condition of a federal court's having jurisdiction to decide a state law claim supplemental to a federal claim, see 28 U.S.C. § 1367(a), the modesty of the plaintiffs' stake in this appeal is irrelevant.

The class in *Narouz* had not yet been certified. Without certification there is no class for a plaintiff to represent, and so he cannot hope to obtain an incentive award; he has accomplished nothing for the class and his own claim has been satisfied as the result of a voluntary negotiation. But if he is permitted to appeal the denial of class certification and prevails and on remand remains the class representative despite having settled his individual claim, he can look forward to eventually receiving an incentive award.

It's true that having settled he will no longer have a stake in any damages that may be awarded to the class. And that will cast doubt on his adequacy to represent the class members, his interest in the case no longer being perfectly aligned with theirs. Cf. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-28 (1997); 1 William B. Rubenstein, *Newberg on Class Actions* § 3:44, pp. 294-95 (5th ed. 2012). One can imagine for example a case in which the representative presses for an incentive award so large in relation to the judgment or settlement that if

awarded it would significantly diminish the amount of damages received by the class. *Staton v. Boeing Co.*, 327 F.3d 938, 975-78 (9th Cir. 2003); *Scott v. First American Title Ins. Co.*, No. 06-cv-286-JD, 2008 WL 1914296, at *2-3 (D.N.H. Apr. 28, 2008); 2 McLaughlin, *supra*, § 6.27, p. 142. He would then have a clear conflict of interest as class representative. The present case, however, is not a consumer class action, in which damages per class member tend to be slight.

A settling plaintiff would be an adequate class representative if there were no significant conflict of interest and the prospect of an incentive award were sufficient to motivate him to assume the modest risks of a class representative and discharge the modest duties of the position fully (more on those risks and duties below). An important motivating factor is that if the class action suit fails, no incentive award will be made, while if the suit succeeds, in part at least as a result of the representative's strenuous efforts, the award may be larger the larger the settlement (or judgment) is, as in *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001), and *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200-02 (S.D.N.Y. 1997). And since, if the settling plaintiff can't appeal, an unnamed class member can pick up the fallen spear and bring his own class action suit, as in *Smentek v. Dart*, 683 F.3d 373 (7th Cir. 2012), judicial economy will rarely be served by preventing the settling plaintiff from appealing. Rather the contrary: allowing him to appeal will enable the viability of the class action suit to be authoritatively determined at the earliest opportunity.

Moreover, if the class is certified as a result of the appeal but the plaintiff appellant is replaced as class representative, still the efforts that he had previously expended, albeit unsuccessfully, on behalf of the class might entitle him to a modest incentive award.

The defendants argue that the plaintiffs' claim to have standing to appeal is nixed by the Supreme Court's decision in *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 772-73 (2000), which holds that merely having a financial stake in the outcome of a lawsuit does not confer standing, because "the same might be said of someone who has placed a wager upon the outcome. An interest unrelated to injury in fact is insufficient to give a plaintiff standing. The interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right. A *qui tam* relator has suffered no such invasion—indeed, the 'right' he seeks to vindicate does not even fully materialize until the litigation is completed and the relator prevails" (citations and footnote omitted). But the Court went on to uphold the relator's standing on the ground that the relator was a partial assignee of the government's recovery in the *qui tam* suit. It is the same here. If a class is certified and is awarded a judgment or settlement, the named plaintiffs will be in effect partial assignees of the money awarded the class, because like class counsel they will be entitled to participate in the award as compensation for their services in obtaining it.

It is true that class actions are almost always the brainchild of lawyers who specialize in bringing such actions.

But they still have to find someone who is a member of the prospective class to agree to be named as plaintiff, because a suit cannot be brought without a plaintiff. And a class action plaintiff assumes a risk; should the suit fail, he may find himself liable for the defendant's costs or even, if the suit is held to have been frivolous, for the defendant's attorneys' fees. *Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996); *Blue v. United States Department of the Army*, 914 F.2d 525, 534 (4th Cir. 1990). The incentive reward is designed to compensate him for bearing these risks, *In re Continental Illinois Securities Litigation*, *supra*, 962 F.2d at 571-72; *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); cf. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998), as well as for as any time he spent sitting for depositions and otherwise participating in the litigation as any plaintiff must do. The plaintiff's duties are not onerous and the risk of incurring liability is small; a defendant is unlikely to seek a judgment against an individual of modest means (and how often are wealthy people the named plaintiffs in class action suits?). The incentive award therefore usually is modest—the median award is only $4,000 per class representative. Theodore Eisenberg & Geoffrey P. Miller, "Incentive Awards to Class Action Plaintiffs: An Empirical Study," 53 *UCLA L. Rev.* 1303, 1308 (2006).

The final question is whether the plaintiffs might be entitled to an incentive reward in the collective action as well (if it is certified), which is not identical to a class action governed by Rule 23.

We can't find a reported appellate case that addresses the question—and we also can't see any difference between a collective action and a class action that bears on it. It is true that collective actions are not subject to Rule 23 or mentioned in any other federal rule of civil procedure, and from this it might be inferred that a collective action is just another name for permissive intervention. But that position has been rejected. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). For, if that were all there is to collective actions, there would have been no point in Congress's authorizing them in FLSA cases, as it did, expressly, in 29 U.S.C. § 216(b). Courts treat them as the equivalent of class actions—and thus for example do not require motions to intervene and do require certification, as in *Spoerle v. Kraft Foods Global, Inc.*, 253 F.R.D. 434, 438-39 (W.D. Wis. 2008)—except that in a collective action unnamed plaintiffs need to opt in to be bound, rather than, as in a class action, opt out not to be bound.

Collective actions are certified and decertified just like class actions, unaffected by the absence of a governing rule of procedure. And "when a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs," *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010)—which is just what happens when a Rule 23 class is decertified: the unnamed class members go poof and the named plaintiffs' claims revert to being individual claims. If the denial of class certification is reversed, the suit will proceed with the plaintiffs as representatives of the opt-ins.

There is no relevant difference between the collective, consisting of opt-ins, and the class, consisting of class members minus the opt-outs.

No provision of rule or statute authorizes incentive awards in collective actions, but the same is true regarding such awards in class actions, as we noted in *In re Continental Illinois Securities Litigation*, *supra*, 962 F.2d at 571, where we suggested that such an award could be thought of as part of the fee award to the class attorneys—specifically "the equivalent of the lawyers' nonlegal but essential case-specific expenses." The FLSA authorizes fee awards in collective actions, 29 U.S.C. § 216(b), just as Rule 23(h) does in class actions.

We repeat our earlier point (equally applicable to collective actions) that if appeals such as this were held to be precluded on standing grounds, there would be no judicial economies, since if the named plaintiffs settle after denial of class certification and then exit the scene another member of the class can step forward and take the quitters' place.

The motion to dismiss the appeal for want of jurisdiction is

DENIED.