In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2219

MARQUISE WRIGHT,

*Plaintiff-Appellant*,

*v.*

CALUMET CITY, ILLINOIS,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14-cv-10351 — **Jorge L. Alonso**, *Judge*.

ARGUED JANUARY 6, 2017 — DECIDED FEBRUARY 17, 2017

Before WOOD, *Chief Judge*, and BAUER, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. On or around December 22, 2014, Marquise Wright was arrested by police officers employed by Calumet City, Illinois (the "City"). The officers did not have an arrest warrant for Wright at the time of the arrest. As characterized by the officers, the incident underlying the arrest involved a murder of one individual and the shooting of multiple other people, and Wright admitted to having a

gun at the scene. At a minimum, he was to be charged with unlawful use of a weapon by a felon, a felony offense, but the assistant state's attorney instructed the City's officers to wait to criminally charge Wright until lab results came back establishing whether the gun carried by Wright matched the casings and bullets recovered from the scene.

On December 24, 2014, while still in custody on that arrest, Wright filed an action under 42 U.S.C. § 1983 against the City alleging that it violated his Fourth and Fourteenth Amendment rights by failing to provide him with a judicial determination of probable cause within 48 hours of his arrest. At that time, Wright had been in custody for nearly 55 hours. On December 25, 2014, Wright was presented for a bond hearing and a judge made a finding of probable cause to detain Wright. In the § 1983 action, Wright asserted that the City had a policy or practice authorizing its officers to detain persons arrested without a warrant for up to 72 hours before permitting the arrestee to appear before a judge, and sought to pursue both an individual claim and class claims.

Wright sought certification of two classes in the district court under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3): one, involving "[a]ll persons who will in the future be detained by Calumet City police officers so that they do not receive a judicial determination of probable cause within 48 hours of arrest;" and one consisting of "[a]ll persons who, following an arrest without a warrant on and after December 24, 2012 until the date notice is disseminated, were detained by Calumet City police officers so that they did not receive a judicial determination of probable cause within 48 hours of arrest." With respect to the latter class, the district court determined that the class consisted of, at most, 31 in-

dividuals, that the members were unlikely to be geographically dispersed given the nature of the allegations, and that joinder was not impracticable. The court denied certification because Wright failed to demonstrate that the classes were sufficiently numerous to satisfy Federal Rule of Civil Procedure 23(a)(1), which requires that a putative class plaintiff establish that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the putative class representative are typical of the claims or defenses of the class; and (4) the putative class representative will fairly and adequately protect the interests of the class.

After Wright's petition for permission to appeal the certification issue immediately was denied, the City made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Wright accepted that offer without qualification, which provided that:

> the Defendant Calumet City, Illinois, agrees to allow Plaintiff Marquise Wright to take a judgment against it, comprised of $5,000.00 to Plaintiff for all claims brought under this lawsuit, inclusive of his attorneys' fees and costs to date accrued in pursuing this action on Plaintiff's behalf, but excluding all attorneys' fees and costs accrued in pursuing this lawsuit as a class action.

Despite accepting the Rule 68 offer that granted him relief as to "all claims brought under this lawsuit," Wright now appeals to this court the district court's denial of the class certification. Because he is not an aggrieved person with a personal stake in the case or controversy as is required under

Article III of the Constitution, we dismiss this appeal for lack of jurisdiction.

On appeal, the only claim asserted by Wright is that the district court erred in denying certification of the class consisting of himself and "[a]ll persons who will in the future be detained by Calumet City police officers so that they do not receive a judicial determination of probable cause within 48 hours of arrest." He does not appeal the denial of certification of the other class, involving the approximately 31 persons who had been detained.

Under Article III of the Constitution, federal court jurisdiction is limited to "cases" or "controversies," and therefore federal courts are restricted to resolving only "'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, ___ U.S. ___, 133 S. Ct. 1523, 1528 (2013), quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Accordingly, a plaintiff seeking to invoke federal-court jurisdiction "must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Genesis Healthcare*, 133 S. Ct. at 1528. Moreover, that personal stake evincing an actual controversy must be present at all stages of review, not merely at the inception of the lawsuit. *Id*. "'If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during the litigation, the action can no longer proceed and must be dismissed as moot.'" *Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S. Ct. 663, 669 (2016), quoting *Genesis Healthcare*, 133 S. Ct. at 1528. A case becomes moot "'only when it is impossible for a court to grant any effectual

relief whatever to the prevailing party.'" *Id.*, quoting *Knox v. Service Employees*, 132 S. Ct. 2277, 2287 (2012).

We turn, then, to the initial issue in this case, which is whether Wright's acceptance of the offer of judgment eliminated any personal stake in the claim such that this appeal lacks the case or controversy required by Article III. The Supreme Court as well as appellate courts have applied the Article III case or controversy analysis to widely varying factual scenarios resolving individual and class claims, including but not limited to: voluntary settlement of claims; involuntary judgments in the plaintiff's favor; voluntary settlement of individual claims with the reservation of the class certification issue; and settlement of claims but with the retention of various interests that could be impacted by the class certification issue. As the Supreme Court recently held, an unaccepted settlement offer—even if it offers all relief sought in the case—does not render a case moot when the party seeks relief on behalf of himself and a class of persons, at least where the settlement amount is not deposited with the court. *Campbell-Ewald Co.*, 136 S. Ct. at 672. Where the Rule 68 offer is accepted but by its terms exempts the class certification issue, courts are divided as to whether the plaintiff retains a concrete interest sufficient to meet the case or controversy requirement of Article III. See, e.g. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 n.10 (1980)(reserving the issue "as to whether a named plaintiff who settles the individual claim after denial of class certification may, consistent with Article III, appeal from the adverse ruling on class certification"); *Rhodes v. E.I. DuPont De Nemours & Co.*, 636 F.3d 88, 100 (4th Cir. 2011)("when a putative class plaintiff voluntarily dismisses the individual claims underlying a request for class certification, … there is no longer a 'self-

interested party advocating' for class treatment in the manner necessary to satisfy Article III standing requirements."); *Muro v. Target Corp.*, 580 F.3d 485, 491 (7th Cir. 2009) (the reservation in the settlement of the right to appeal the certification issue is insufficient to establish the concrete interest necessary under Article III); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006) ) (plaintiff who settled individual claims but reserved the right to appeal the class claims retained a personal stake in the class claim, including in shifting attorneys' fees and other litigation costs).

The case before us presents a different situation in that Wright accepted a settlement offer without reservation and did not exempt the class certification issue, but our decision in *Muro* is nevertheless instructive. Muro brought an action under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, alleging both an individual and class-based claim. After class certification was denied, Muro settled her individual claim, but reserved the right in that settlement to appeal the denial of class certification. *Muro*, 580 F.3d at 491–92. We considered whether, having accepted an offer of judgment and therefore lacking any cognizable interest in our evaluation of the district court's decision on that issue, Muro could nevertheless appeal the court's decision denying certification of the class. We noted in *Muro* that "[m]ost of the circuits that have considered the issue have held that 'a named plaintiff's unqualified release of claims relinquishes not only his interest in his individual claims but also his interest in class certification.'" *Id*. at 490, quoting *Toms v. Allied Bond Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir. 1999). Where an express reservation of the right to appeal the class certification was part of that settlement, those courts differed as to whether that alone was sufficient to permit a prospec-

tive class representative who settled his individual claims to appeal the denial of class certification. *Muro*, 580 F.3d at 490. We agreed with the circuits that held that the mere reservation of the right to appeal was insufficient alone to satisfy the case or controversy requirement; plaintiffs must demonstrate a personal stake to demonstrate the concrete personal interest in the appeal. *Id*. at 491. We reasoned that the case or controversy requirement extends to all stages of the litigation, and must be demonstrated on appeal. *Id*. The mere expression of a desire to appeal, or a reservation of that option in a settlement, does not in itself establish that concrete interest. We set forth the appropriate analysis as follows:

> A *voluntary* settlement by the prospective class representative often means that, as a practical matter, the settling individual has elected to divorce himself from the litigation and no longer retains a community of interests with the prospective class. Only if issues personal to the prospective class representative remain alive in the litigation can a court be assured that there remains sufficient concrete adverseness to ensure that the class certification issue is presented in a truly adversarial manner and, consequently, will be litigated comprehensively and clearly. An abstract interest in a matter never has been considered a sufficient basis for the maintenance of—or the continuation of—litigation in the federal courts.

*Id*.; see also *Premium Plus Partners v. Goldman, Sachs & Co.*, 648 F.3d 533, 538 (7th Cir. 2011) (where a litigator has litigated and won, that acceptance of the Rule 68 offer extinguishes

any live claim similar to the one held by the remaining members of the class).

Thus, a mere desire to appeal the denial of certification is insufficient. A "personal stake" is required to assure that the case is in a form capable of judicial resolution – that is, involving "sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions," the resolution of which have direct consequences on the parties involved. *Geraghty*, 445 U.S. at 403; *Genesis Healthcare*, 133 S. Ct. at 1528. Accordingly, plaintiffs who seek to appeal despite a settlement of their individual issues must demonstrate that they retain a concrete interest in the issue.

As we noted in *Muro,* the Supreme Court in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980), provided an example of the type of personal interest that could persist on appeal despite a settlement of the individual claims. In *Roper*, the plaintiffs filed a suit alleging that the defendant violated the National Bank Act, 12 U.S.C. §§ 85 & 86, by charging the plaintiffs and the class they sought to represent usurious finance charges. *Id*. at 328. After the district court denied class certification, the bank offered to each plaintiff the maximum amount they could recover on their individual claims, but they refused that offer. *Id*. at 329. The plaintiffs extended a counter-offer which would reserve the right to appeal the adverse class certification ruling, but that counter-offer was declined by the bank. *Id*. The district court nevertheless entered judgment for the tendered amount, which was deposited in the court's registry, and dismissed the case. *Id*. at 330. Although their individual claims had thereby been satisfied, the plaintiffs sought to appeal the denial of class

certification. *Id.* The Court held that the plaintiffs retained a sufficient personal interest in the case and could appeal the denial, because throughout the litigation the plaintiffs had asserted a continuing individual interest in shifting part of the cost of litigation including attorneys' fees to the class members. *Id.* at 336.

Applying that rationale in *Muro*, we noted that Muro had received in the settlement compensation for both her costs of the action and her reasonable attorneys' fees. Therefore, because Muro had not retained an interest in that or any other remaining benefit, even though she had reserved in the settlement the right to appeal the denial of class certification, she lacked the type of live, concrete controversy that would allow her to appeal.

We discussed another type of ongoing interest in *Espenscheid v. Directsat USA, LLC*, 688 F.3d 872 (7th Cir. 2012). In *Espenscheid*, the plaintiffs accepted a settlement of their claims but in that settlement they reserved the right to appeal the district court's decision decertifying the class. We recognized that where plaintiffs settle a case, the only possible injury from denial of certification is to the members of the proposed classes, and if the plaintiffs have no stake in the continuation of the suit they lack standing to appeal from the denial of certification. *Id*. at 874. The plaintiffs in *Espencheid*, however, avoided that fate because a provision of the settlement agreement stated that they were seeking an incentive reward for their services as the class representatives. *Id*. That incentive reward was contingent on the certification of the class, and therefore the prospect of that award gave the plaintiffs a tangible financial stake in getting the

denial of class certification revoked. *Id.* at 875; *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1018 (7th Cir. 2014).

Similar to the plaintiffs in *Muro* and *Espencheid*, Wright accepted a settlement offer as to his claims. Wright has an even weaker argument than that presented in *Muro*, however, because Wright accepted a Rule 68 offer of judgment that did not purport to preserve his right to appeal the denial of class certification. To the contrary, the settlement in *Wright* by its terms resolved all of his claims, retaining neither an interest in his individual claim nor an interest in pursuing a claim as a representative of a putative class. Wright does not argue that he sought or preserved any interest in an incentive reward, and he has failed to demonstrate that he retained an interest in attorneys' fees or that such an interest alone would be sufficient to confer standing.

The language of the Rule 68 offer accepted by Wright in this case was clear. It provided $5,000 to Wright to resolve "all claims brought under this lawsuit." A plain reading of that language instructs that the settlement involves the individual claim as well as the class claim. Wright did not bring multiple individual claims against the City in this case; he included in the complaint only the individual claim that the City violated his Fourth and Fourteenth Amendment rights by failing to provide him with a judicial determination of probable cause within 48 hours of his arrest. The only remaining claims in the complaint were the class-based challenges based on the two purported classes of persons. Accordingly, the language of the Rule 68 offer declaring that it included "all claims brought under this lawsuit" necessarily referred to his claim seeking to represent a class as well as to the individual claim, both by the common meaning of the

phrase and because in this case the plural reference to "all claims" would be a misnomer if applying only to the singular individual claim in the case. Moreover, the Rule 68 offer distinguished between the individual and class claims in the ensuing sentence, determining that attorney 's fees would be included only for the individual claim and not for the class claim upon which Wright had received no measure of success. The distinction for purposes of ascertaining attorneys' fees, but not for identifying the claims that are included in the judgment, further affirms that the offer of judgment resolved both the individual and the class claims.

Wright has accepted the offer as full redress for all of his claims, and therefore cannot demonstrate any ongoing personal stake in the matter. See *Campbell-Ewald*, 136 S. Ct. at 671 n.5 (recognizing that where a plaintiff has received full redress for the injuries asserted in his complaint, no case or controversy remains); *Rhodes*, 636 F.3d at 99 (recognizing that where parties settle their claims entirely in the district court, the plaintiff lacks the personal standing required under Article III on appeal).

Wright argues that he has an ongoing interest similar to that in *Roper* because he did not obtain attorneys' fees for the class claim, but that reliance on *Roper* is misplaced.[1] First, the

---

[1] Wright also relies on *Pastor v. State Farm Mut. Auto Ins. Co.*, 487 F.3d 1042 (7th Cir. 2007), but that case is unhelpful for the same reason *Roper* is unavailing. Citing *Roper*, in *Pastor* we held without discussion that a plaintiff who accepted a modest offer of judgment terminating the case could appeal the denial of class certification because the "offer did not resolve the dispute between the unnamed class members and the defendant and so did not render the case moot." *Id*. at 1043–44. Although *Pastor* did not otherwise explain its holding, the City included the offer of judgment from *Pastor* in its briefing to this court; as the *Roper* cite im-

Supreme Court in *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990), held that an "interest in attorneys' fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." The Supreme Court in *Genesis Healthcare*, 133 S. Ct. at 1532 n.5 (2013), recognized the tension between *Lewis* and *Roper*, but determined that "[b]ecause *Roper* is distinguishable on the facts, we need not consider its continuing validity in light of our subsequent decision in *Lewis* … ." In *Premium Plus*, we recognized that the position that a person whose claim is moot can still file a suit seeking attorneys' fees "was advanced, and flopped, in *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986) and again in *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)." *Premium Plus*, 648 F.3d at 538. We noted that *Lewis* flatly held that an interest in attorney's fees, costs or expenses is insufficient to create an Article III case or controversy where none otherwise exists on the merits of the underlying claim. *Id.* Those cases caution that Wright cannot rely on the mere possibility of attorneys' fees as his basis to meet the case or controversy requirement.

But like the Supreme Court in *Genesis Healthcare,* we need not determine whether the rationale of *Roper* is impacted by *Lewis*, because even under the reasoning of *Roper*, Wright's argument would be insufficient. In contrast to the plaintiffs in *Roper*, Wright has failed to assert that it identified in the district court any continuing individual interest in shifting costs of the litigation to class members. More fundamentally, in *Roper*, the plaintiffs did not agree to the termination of the

---

plies, the offer in *Pastor* explicitly resolved the damages and fees for the individual claim only, and in both the offer and the acceptance the ability to pursue such relief in appealing the class claim was reserved.

suit; the district court entered the judgment based on the defendant's tender even though the plaintiffs rejected the offer, and the judgment offered them less than the full relief sought. Specifically, the plaintiffs had asserted a continuing individual interest in shifting part of the cost of litigation to the class members, and the involuntary termination of its case in the district court did not provide them with that relief. *Roper*, 445 U.S. at 336. In contrast, Wright voluntarily agreed to accept a judgment which terminated all of his claims, and agreed to the calculation of attorneys' fees set forth in that judgment. The voluntariness of the settlement is not a dispositive factor in determining the standing issue. See *Wrightsell v. Cook County, Ill.*, 599 F.3d 781, 783 (7th Cir. 2010). But it is relevant in considering whether the district court judgment granted the plaintiffs all of the relief sought or the plaintiffs retained a concrete interest in the case unsatisfied by that judgment. Where the plaintiffs voluntarily agree to a settlement, that acquiescence can manifest their agreement that the judgment provides all of the relief the plaintiffs seek. In accepting without qualification the Rule 68 offer, Wright accepted the offer as satisfaction of all of the relief that he sought in the district court. Although the allocation of attorneys' fees accepted by Wright in the settlement provided for fees and costs for the individual claim and not for the class claim, a plaintiff may agree in a settlement to forego fees for claims upon which he obtained no success, just as a court may determine that fees will be awarded only for claims upon which the plaintiff obtained some degree of success. See *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *M.B. ex rel. Berns v. Hamilton Southeastern Sch.*, 668 F.3d 851, 864 (7th Cir. 2011). Nothing in the settlement preserves the right to seek fees as to the certification issue at a later time,

and Wright can point to nothing in the district court that indicates that he retained a concrete interest in fees. He therefore lacks a personal stake in the claim as is required under Article III. See *Rhodes*, 636 F.3d at 100 ("a putative class member who voluntarily settles his case and releases all his individual claims, under language providing for the release of 'any and all' monetary claims … may not thereafter appeal from an adverse class certification ruling"); *Richards*, 453 F.3d at 529 ("a plaintiff who, in the settlement agreement, relinquishes 'any and all' of his claims, including class claims, or agrees to dismiss the entire 'action,' has ceded any interest he once had and can no longer appeal a denial of class certification"). There is no other named plaintiff in this proposed class action, nor even the possibility of one given the class that he sought to certify. See *Premium Plus*, 648 F.3d at 538 (discussing whether a plaintiff could "keep the case warm so that someone with a live claim could intervene.") Wright abandoned his claim of a class consisting of those persons who were detained for more than 48 hours between December 24, 2012, and the date the notice was disseminated, and he appeals only as to the class consisting of himself and persons who will in the future be detained and held for more than 48 hours. With the settlement of Wright's claim, only future detainees remain in the proposed class and there is no one with a live interest to intervene.

Wright's arguments are therefore without merit, and he asserts no other arguments for standing to this court. Wright has failed to identify any concrete personal interest in the case that remains in this appeal and thus lacks the "personal stake" required under Article III. Accordingly, we dismiss this appeal for lack of jurisdiction.