In the

# United States Court of Appeals
## For the Seventh Circuit

───────────────

Nos. 18-2556 & 18-2440

BRIAN A. WEIL and MELISSA D. FULK, individually and on be-
half of others similarly situated,

*Plaintiffs-Appellees/*
*Cross-Appellants,*

*v.*

METAL TECHNOLOGIES, INC.,

*Defendant-Appellant/*
*Cross-Appellee.*

───────────────

Appeals from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:15-cv-00016 — **Jane Magnus-Stinson**, *Chief Judge.*

───────────────

ARGUED JANUARY 18, 2019 — DECIDED MAY 29, 2019

───────────────

Before EASTERBROOK, BARRETT, and SCUDDER, *Circuit
Judges.*

BARRETT, *Circuit Judge.* Brian Weil and Melissa Fulk filed
class and collective actions against Metal Technologies, alleg-
ing wage violations under the Fair Labor Standards Act and
Indiana wage laws. They had two basic complaints. First, they

argued that Metal Technologies unlawfully paid employees only for the hours that they were scheduled to work even when employees' timestamps showed that they were clocked in for longer than that. The district court conditionally certified—but then later decertified—those claims. After decertification, the plaintiffs proceeded in their individual capacities and secured a very modest damages award. Second, the plaintiffs contended that Metal Technologies withheld wages from employees' paychecks for uniform rentals, even though Indiana law authorized withholding only for uniform *purchases*. The district court entered judgment for the class on the wage-deduction claims, which had been split into two time periods, and they won a much larger damages award.

Both sides appealed. The plaintiffs argue that the district court should not have decertified the time-rounding claims, and Metal Technologies insists that Indiana law permitted it to deduct wages to cover uniform rentals. Each side thinks that the district court should have awarded it costs. And while the plaintiffs think that they have recovered too little in attorneys' fees, the defendants say that the plaintiffs have recovered too much.

If the law remained as it stood on the day that the case was argued, we would affirm the district court across the board. After argument, however, the Indiana legislature introduced a wrinkle: it amended its wage-deduction law to authorize withholding for uniform rentals, and it made that amendment retroactive. Given this turn of events, we affirm the district court's decertification order but vacate the judgment and remand the case for the district court to reconsider the wage-deduction claim in light of the new law. That will likely also

require the district court to recalculate attorneys' fees and costs.

I.

Metal Technologies is a manufacturer of automobile parts in Bloomfield, Indiana. It employs around 500 workers. These employees work one of three shifts throughout the day, which overlap by 30 minutes to ensure time to clean up and exchange information with the next shift. Metal Technologies keeps track of employees' time with an electronic time clock. It calculates pay based on scheduled shifts rather than time-clock punches—so employees are typically paid for 40 hours per week, and if they need to go over, they must fill out an overtime authorization form. Metal Technologies also deducts wages from employees who elect to rent work uniforms.

Two of Metal Technologies's former employees, Brian Weil and Melissa Fulk, filed class and collective actions and individual claims alleging that Metal Technologies committed wage violations under the Fair Labor Standards Act of 1938 (FLSA) and Indiana wage laws. *See* FED. R. CIV. P. 23; 29 U.S.C. § 216(b). They brought two categories of claims: time-rounding claims and wage-deduction claims. The time-rounding claims asserted that Metal Technologies unlawfully paid employees only for the hours that they were scheduled to work even when their timestamps showed that they were clocked in for longer than that. The wage-deduction claims focused on Metal Technologies's practice of taking payment for work uniforms out of employees' paychecks. These latter claims were broken down into two time periods: January 20, 2013 to April 10, 2016, when the original wage-deduction

form was used, and after April 10, 2016, when Metal Technologies began using a new form.

The plaintiffs sought Rule 23 and FLSA certification on both the time-rounding claims and the wage-deduction claims.[1] The district court conditionally granted Rule 23 certification on both claims, but it granted FLSA certification only on the time-rounding claim.

The plaintiffs later moved for summary judgment on their certified claims. Metal Technologies opposed that motion and moved to decertify the time-rounding claims under both the FLSA and Rule 23. Yet it conceded liability on the wage-deduction claim—although only under the original wage-deduction form. *See* IND. CODE § 22-2-6-2(a) (the form must state that the deduction can be revoked at any time upon written notice to the employer).

The district court granted Metal Technologies's motion to decertify the time-rounding claims and denied as moot the plaintiffs' motion for summary judgment on those claims. In doing so, the court relied on 29 C.F.R. § 785.48(a), which specifies that employers do not have to compensate employees for minor pre- and post-shift time-clock punches (for example, clocking in ten minutes before a shift starts) as long as they aren't working during that time. In other words, an employee's time stamp is not a *per se* record of work. And because the plaintiffs had provided no evidence that Metal Technologies's employees were actually working beyond their

---

[1] Although class actions are brought under Rule 23 and collective actions under the FLSA, they are typically analyzed together—the primary difference being that collective actions require would-be members to opt in while class actions require them to opt out. *See Herrington v. Waterstone Mortg. Corp.*, 907 F.3d 502, 507 n.4 (7th Cir. 2018).

shifts, the court concluded that they could not prove a theory of liability common to the class. The court permitted the plaintiffs to proceed with only their individual claims for unpaid wages.

On the wage-deduction claim, the district court split its decision. It granted the plaintiffs' summary-judgment motion with respect to the original wage-deduction form—the issue on which Metal Technologies had conceded liability. But it denied summary judgment with respect to the amended form.

Weil and Fulk proceeded to a one-day bench trial on their individual claims for unpaid wages, the damages calculation pertaining to the original wage-deduction form, and the class claim pertaining to the amended wage-deduction form. The plaintiffs recovered very little on their individual claims because the court found that there were only a handful of occasions on which Weil and Funk were clocked in and working but not paid—once in Weil's case and four times in Fulk's. Their greatest success came with the wage-deduction claims. The district court determined that trebled damages for the class under the original wage-deduction form totaled $93,152.58. And it sided with the class on the amended wage-deduction form, reasoning that Indiana law permitted wage deductions only for purchasing, not renting, uniforms. The court awarded an additional $8,102.04 for that claim.

Following the trial, the district court awarded $99,229.58 in attorneys' fees for the wage-deduction claims and $16,869.03 for the time-rounding claims. The district court denied both parties' requests for costs.

Both sides appealed. Metal Technologies insists that the district court erred in finding that it had unlawfully deducted

uniform rentals. The plaintiffs argue that the district court erred in decertifying the time-rounding claims. And both parties appeal both attorneys' fees and costs.

## II.

After we heard oral argument, the Indiana state legislature passed a law permitting an employer to deduct employee wages for *renting* uniforms. *See* IND. CODE § 22-2-6-2(b)(14). Metal Technologies filed a notice under Federal Rule of Appellate Procedure 28(j) arguing that we must reverse the district court's decision that it unlawfully deducted uniform rental costs under the amended wage deduction form.

The new statute expressly states that it applies retroactively. IND. CODE 22-2-6-3(b); *see State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005) ("Statutes are to be given prospective effect only, *unless* the legislature unequivocally and unambiguously intended retrospective effect as well." (emphasis added)). There is no general prohibition on applying retroactive laws to cases pending on appeal. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226 (1995) ("When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly."). On the contrary, courts generally must honor the legislature's choice to make a law retroactive. *See Bourbon Mini–Mart, Inc. v. Gast Fuel & Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003) ("Ultimately … whether or not a statute applies retroactively depends on the Legislature's intent."); *see also Landgraf v. USI Film Products*, 511 U.S. 244, 267–68 (1994) ("Retroactivity provisions often serve entirely benign and legitimate purposes, whether to respond to emergencies, to correct mis-

takes, to prevent circumvention of a new statute in the interval immediately preceding its passage, or simply to give comprehensive effect to a new law….”). The only exception is if applying the law retroactively would violate a vested right or constitutional guarantee. *Bourbon*, 783 N.E.2d at 260. Thus, unless the plaintiffs can show that applying Indiana's new statute deprives them of a vested right or constitutional guarantee, the new statute controls.[2]

It seems unlikely that the plaintiffs could successfully make that showing, but they should have a chance to try. We therefore vacate the judgment and remand the case so that the district court can consider whether the new law applies to Weil and Fulk's wage-deduction claims. If it does, the district court will also have to revisit the attorneys' fees and costs that it awarded the plaintiffs on those claims.[3]

## III.

Before reaching the merits of the plaintiffs' decertification arguments, we must first address Metal Technologies's contention that this issue is moot because we can no longer grant

---

[2] As to the plaintiffs' argument that Metal Technologies still violated Indiana law because it did not sign the wage-deduction form, the district court correctly concluded that Metal Technologies agreed to the wage assignment in writing—which is all that the statute required. *See* IND. CODE § 22-2-6-2(a)(1).

[3] On appeal, the plaintiffs argue that they were entitled to costs under Indiana law. *See* IND. CODE § 22-2-5-2. But we note that because federal, not state, law governs an award of costs, the district court does not have to consider costs under this provision. *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1223 (3d Cir. 1995) (“[W]here there is a valid applicable Federal Rule of Civil Procedure, it is to be applied by a federal court even where the plaintiff's claim is based on state law.… Rule 54(d)(1) will thus trump a state cost shifting provision with which it conflicts.”).

the plaintiffs relief. Metal Technologies argues that neither
Weil nor Fulk has a concrete interest in certification because
they went to trial on their individual time-rounding claims
and lost. But we have held that the possibility of an incentive
award—which Weil and Fulk could receive here—is enough
of an interest to keep the claim justiciable. *See Espenscheid v.
DirectSat USA, LLC*, 688 F.3d 872, 875 (7th Cir. 2012).[4] We
therefore have jurisdiction to consider the plaintiffs' argu-
ment, reviewing the district court's certification order for
abuse of discretion and its legal determinations supporting
the decision de novo. *Philips v. Sheriff of Cook Cty.*, 828 F.3d
541, 549 (7th Cir. 2016).

The plaintiffs make several arguments as to why we
should reverse the district court's decision to decertify the
time-rounding claims under Rule 23 and the FLSA. None suc-
ceeds.

First, the plaintiffs argue that because the district court in-
itially certified the claims, it was bound by that decision un-
less Metal Technologies put forth new evidence. But neither
Rule 23 nor the FLSA includes such a requirement. Rule 23
grants courts the discretion to reconsider certification at any
point before final judgment, *see* FED. R. CIV. P. 23(c)(1)(C), and
it says nothing about limiting that discretion to when new ev-
idence is raised. Collective actions under the FLSA likewise
permit courts to reconsider certification after discovery has
been completed. *See Espenscheid*, 688 F.3d at 877. And this
makes sense in light of our repeated assertions that district

---

[4] We note, though, that Chief Justice Roberts disagrees. *See Campbell-
Ewald Co. v. Gomez*, 136 S. Ct. 663, 679 n.1 (2016) (Roberts, C.J., dissenting)
(asserting that "obtaining a class incentive award does not create Article
III standing").

courts have wide discretion in managing class and collective actions. *See, e.g., Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010); *Chavez v. Illinois State Police*, 251 F.3d 612, 629 (7th Cir. 2001). The district court did not err by reconsidering its earlier certification decisions.

Second, the plaintiffs argue that the district court was wrong to conclude that an employee's time stamp is not a *per se* record of work. The plaintiffs claim that because the time stamps of some employees show more than 40 hours of time in weeks for which they were compensated for only 40 hours, Metal Technologies necessarily underpaid those employees. The district court disagreed, relying on the following FLSA regulation to untangle the issue:

> (a) Differences between clock records and actual hours worked. Time clocks are not required. In those cases where time clocks are used, *employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work. Their early or late clock punching may be disregarded.*

29 C.F.R. § 785.48(a) (emphasis added). As we have noted before, this regulation means that "employees who clock in early do not have to be paid so long as they are not working." *See Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). Put another way, an employee can clock in, grab a coffee, read the newspaper, and then start working once his scheduled shift begins—and an employer wouldn't have to compensate him for that time. Because the plaintiffs failed to provide evidence that employees were actually *working* without compensation—not simply that they were clocked in for

over 40 hours—plaintiffs lack, as the district court pointed out, "both a theory of liability and proof of any injury."[5] So decertification of both the class and collective claims was appropriate. *See* FED. R. CIV. P. 23(b); 29 U.S.C. § 216(b).[6]

Finally, the plaintiffs suggest that the Metal Technologies employee manual says that compensation will be provided based on clock time, and so they seek to hold Metal Technologies liable for violating that guarantee. But the manual does not say that employees will be compensated for every minute that they are clocked in even if they aren't working. In fact, it says the opposite: employees will be compensated only for actual time worked. So any argument that Metal Technologies violated its own manual fails as well.

For all these reasons, the district court did not abuse its discretion in decertifying the claims.

We AFFIRM in part, VACATE in part, and REMAND to the district court for proceedings consistent with this opinion.

---

[5] For the same reason, Weil and Fulk had very little success on their individual claims. They could not recover simply because of the discrepancy between their scheduled hours and the time clock; they could recover only for the handful of occasions on which they could prove that they were clocked in and actually working. That happened on only one occasion for Weil and on four for Fulk.

[6] The plaintiffs also say that Metal Technologies failed to keep accurate records. That argument fails because the plaintiffs haven't introduced sufficient evidence to support it. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946) ("An employee who brings suit … for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated.").