RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

THEODORE MCCLAIN,

*Plaintiff-Appellant*,

*v.*

DALEN PATRICK HANNA, I; HANNA LAW PLLC;
HANNA LLP,

*Defendants-Appellees*.

No. 19-1726

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:19-cv-10700—Terrence George Berg, District Judge.

Argued: January 28, 2020

Decided and Filed: February 5, 2020

Before: COLE, Chief Judge; COOK and THAPAR, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Curtis Warner, WARNER LAW FIRM, LLC, Corning, New York, for Appellant.
Dalen P. Hanna, HANNA LAW, PLLC, Birmingham, Michigan, for Appellees. **ON BRIEF:**
Curtis Warner, WARNER LAW FIRM, LLC, Corning, New York, for Appellant. Dalen P.
Hanna, HANNA LAW, PLLC, Birmingham, Michigan, for Appellees.

_____

## OPINION

_____

THAPAR, Circuit Judge. Ordinarily, a plaintiff can't have his case and settle it too.

Theodore McClain thinks otherwise. McClain settled his case—without reservation. Yet now

he wants to represent a putative class action in the same case.  Because McClain waived his right to pursue these claims, we affirm.

Less than a year ago, McClain sued Dalen Hanna and Hanna's two law firms under the Fair Debt Collection Practices Act and an analogous Michigan statute.  *See* 15 U.S.C. § 1692 *et seq.*; Mich. Comp. Laws § 445.251 *et seq*.  McClain brought both individual and class claims. Within a week, Hanna offered McClain a settlement under Federal Rule of Civil Procedure 68. That settlement allowed judgment to be entered in McClain's favor "as to all counts" of his complaint.  It also gave McClain his full damages (both actual and statutory) as well as his litigation costs and reasonable attorney's fees.  Four days later, McClain accepted the settlement offer but simultaneously filed a "placeholder" motion for class certification—apparently to preempt a mootness ruling.  Even so, the district court found the class claims to be moot and entered a judgment dismissing both the individual and class claims.

Yet McClain then pointed out that the court should have entered judgment in *his* favor since that's what the settlement said.  So the district court entered an amended judgment "for Plaintiff Theodore McClain as to all counts in Plaintiff's complaint[.]"  This appeal followed.

According to McClain, the question here is whether his settlement mooted his class claims.  But there's an initial problem with that question:  the district court didn't dismiss any of McClain's claims as moot.  In the end, the court entered judgment in his favor "as to all counts." And it did so based on a settlement agreement in which McClain failed to reserve any right to pursue his class claims on appeal.  As a result, we need not reach the mootness question.

For over a century, federal courts have followed a simple rule:  parties may not challenge a judgment to which they have consented.  *See, e.g.*, *Nashville, C. & St. L. Ry. Co. v. United States*, 113 U.S. 261, 265 (1885).  Although people sometimes describe this rule as "jurisdictional" or related to "standing," in reality the consent waives any challenge on the merits.  *See, e.g.*, *Pac. R.R. v. Ketchum*, 101 U.S. 289, 295 (1879); *Shores v. Sklar*, 885 F.2d 760, 764 n.7 (11th Cir. 1989) (en banc); 15A Wright & Miller, *Federal Practice & Procedure* § 3902, at 91–93 (2d ed. 1992) (noting confusion between "standing" and "waiver" theories).  Of course, parties may preserve their right to challenge the judgment if they "reserve that right

unequivocally." *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 329 (6th Cir. 2018) (citation omitted); *see also* 15A Wright & Miller, *supra*, § 3902, at 95 (noting that "an express agreement reserving the right to appeal will be honored"). But if they fail to do so, they may not challenge issues within the scope of the judgment.

Our sister circuits have uniformly applied these principles to putative class actions. If a named plaintiff settles his case and does not expressly reserve any right to pursue his class claims, then he may not pursue those claims on appeal. *See, e.g.*, *Wright v. Calumet City*, 848 F.3d 814, 817–21 (7th Cir. 2017); *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 613–15 (8th Cir. 2003); *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir. 1999); *Dugas v. Trans Union Corp.*, 99 F.3d 724, 726–29 (5th Cir. 1996); *Walsh v. Ford Motor Co.*, 945 F.2d 1188, 1190–92 (D.C. Cir. 1991) (R.B. Ginsburg, J.); *Shores*, 885 F.2d at 762–64; *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986).

As applied here, that rule leads to a straightforward result. In their settlement agreement, the parties agreed to have judgment entered for "Plaintiff Theodore McClain as to all counts in Plaintiff's complaint[.]" The settlement doesn't except any claims or interests from the judgment. Nor would it make much sense to read the settlement that way since the first three "counts" of the complaint are "class claims." So when McClain agreed to judgment on "*all* counts," that judgment unambiguously includes his class claims. Indeed, other courts have reached the same conclusion based on similar language in settlement agreements. *See Wright*, 848 F.3d at 819 ("all claims"); *Walsh*, 945 F.2d at 1189 ("any and all . . . claims"). Thus, McClain has waived any further interest in his class claims and may not pursue those claims on appeal.

We affirm.