In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-1312

QUINTIN SCOTT,

*Plaintiff-Appellant*,

*v.*

THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,

*Defendants-Appellees*.

On Petition for Rehearing and Rehearing En Banc

DECIDED JULY 23, 2024

Before KIRSCH and JACKSON-AKIWUMI, *Circuit Judges*.[*]

Appellees filed a petition for rehearing and rehearing en banc. All members of the panel have voted to deny the petition for rehearing, and none of the judges in active service has called for a vote on the request for rehearing en banc, which is denied. Circuit Judge Maldonado did not participate in the consideration or decision of this case.

---

[*] Circuit Judge Wood, a member of the panel, retired on May 1, 2024.

Statement of *Circuit Judge* EASTERBROOK, joined by *Chief Judge* SYKES, respecting the petition for rehearing en banc. This case has been settled but lives on. Our panel remanded it to the district court with instructions to reconsider its decision declining to certify a class. Yet Quintin Scott, the only named plaintiff, settled his claim. His need for judicial assistance has ended. Someone else might intervene to take up the torch as class representative, but no one has done this. What's left for the judiciary to do?

The panel's answer is that Scott would become eligible for an "incentive award" if the class were certified with him as its representative and go on to win on the merits or secure a further settlement. Since the payment would not depend on Scott's injury, his quest for one looks something like a wager of law, which long has been understood to be outside the remit of Article III judges. *Childress v. Emory*, 21 U.S. (8 Wheat.) 642 (1823); *Alliance to End Repression v. Chicago*, 820 F.2d 873, 875–76 (7th Cir. 1987). Or perhaps is it like "statutory damages," which likewise do not suffice when they don't redress an injury. See, e.g., *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). Cf. *Diamond v. Charles*, 476 U.S. 54, 69–71 (1986).

Scott suffered an injury at defendants' hands, but an incentive award would not compensate him for that injury. Once his loss has been recompensed through the settlement, how does he have standing? Just because he seeks pay for service as a litigant? On that rationale, however, everyone would have standing to litigate about anything, as long as he demanded the minimum wage for time devoted to litigation. But see *Clapper v. Amnesty International*, 568 U.S. 398, 416

(2013) (self-imposed losses cannot support standing); *Murthy v. Missouri*, 144 S. Ct. 1972 (2024) (same).

*Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872 (7th Cir. 2012), holds that incentive awards nonetheless are proper and that pursuit of one keeps an otherwise-resolved case alive. Defendants want us to overrule *Espenscheid* and align this circuit with *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), which holds that incentive awards are incompatible with *Internal Improvement Fund Trustees v. Greenough*, 105 U.S. 527 (1881), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885). These decisions say that litigants cannot be paid for their efforts—that their reward must be damages for harm done, not a salary for services as plaintiffs. The panel stuck with *Espenscheid*, which has support in other circuits.

Judge Kirsch, who dissented on the class-certification issue, concluded that we should leave *Espenscheid* alone because the circuits will remain in conflict no matter what the Seventh Circuit does in this case. I agree with that view and therefore have not called for a vote on the petition for rehearing en banc. But I also think that *Johnson* does not present the best argument for curtailing incentive awards. The Supreme Court must sooner or later resolve this conflict, and it should have the full menu of options.

*Greenough* and *Pettus* were decided long before the 1966 amendments to Fed. R. Civ. P. 23 created the modern class action. The Supreme Court's decisions are not statutes, making it hard to say that the way multi-party litigation was handled in the Nineteenth Century is conclusive in the Twenty-First when dealing with a device invented more than halfway through the Twentieth.

All questions about Article III to the side, I think that it is proper to pay representative plaintiffs for their contributions toward making class actions work. We pay lawyers, paralegals, investigators, experts, and others whose services are essential; why not plaintiffs? The question remains: *Who* pays?

An antitrust suit illustrates. The Sherman Act provides for treble damages. 15 U.S.C. §15(a). Suppose each class member (including the representative plaintiff) suffers an injury of $100 and that the class as a whole is out of pocket $10 million. The jury rules in plaintiffs' favor and the judge trebles the award, so the class receives $30 million, of which each member is entitled to $300. Suppose also that the judge thinks that the representative plaintiff should get, not $300, but $3,300, to compensate for extra time (say, in depositions) and to provide incentive for other injured persons to step forward in the future. Who pays the additional $3,000? If all other members of the class forgo 3¢ of their awards so that the representative gets $3,300, it is hard to see an objection. But if the judge adds $3,000 to the judgment, so that the defendant must pay $30,003,000, there is a problem. The Sherman Act authorizes treble damages, not treble damages plus a kicker that the judge thinks warranted on public-policy grounds.

Or suppose the suit arises under the Fair Labor Standards Act. This statute authorizes awards of twice the difference between the required wage and the actual pay. 29 U.S.C. §216(b). Suppose the representative plaintiff's injury is $2,000, making the damages $4,000. If the judge believes that the representative should receive an extra $6,000 as an incentive, may the court order the employer to pay $10,000 rather than $4,000? That can't be reconciled with the statute, which authorizes double damages but not quintuple damages. A judge can't

say "good judicial administration requires quintuple damages for the representative, even though the rest of the workers must accept double damages." A legislature might say that, but a judge can't. Unless the other employees agree to pay the representative out of their own awards, the maximum for the representative is set by the statute. (Agreement is important; a judge can't reduce other prevailing plaintiffs' damages to carry out a judicially devised policy any more than the court can increase what defendants must pay. But paying an incentive award out of funds not claimed by members of the class would avoid this problem.)

The "who pays" question for representative plaintiffs is parallel to the "who pays" question for class counsel. For many years courts multiplied the attorneys' fees awarded under 42 U.S.C. §1988 to compensate counsel for the risk of losing. But *Pennsylvania v. Delaware Valley Citizens Council*, 483 U.S. 711 (1987), disapproved this practice, holding that defendants may not be ordered to compensate plaintiffs and their lawyers for this risk. See also *Burlington v. Dague*, 505 U.S. 557 (1992). Losing defendants must pay damages and reimburse counsel for their work, rather than chipping in extra for the risk that the plaintiffs and their lawyers took. But when a suit produces a common fund and the attorneys' award comes out of that fund, an enhancement for risk is proper. *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 564–65 (7th Cir. 1994). Drawing the award from the fund means that plaintiffs pay for work done for their benefit. Just so with incentive awards. If prevailing plaintiffs pay the representative for services to the class, well and good; but a judge cannot order the defendant to pay more than the legally permissible level of damages, plus attorneys' fees and costs authorized by statute.

Defendants settled with Scott. A court cannot properly order them to hand over more for his role as a volunteer representative of other persons' interests. An incentive award therefore would be improper, and the lack of intervention by any other would-be class representative should have brought this case to a close.